{¶ 57} Although I concur in both the judgment and the opinion of this court, I write separately merely to note, in connection with the disposition of the Second Assignment of Error, that I might resolve this issue differently if the amount of the judgment sought on the cognovit note were greatly in excess of the face amount of the note. Many cognovit note claims are not determinable exclusively from the face of the amount of the note, because installment payments on the note, interest accruals, or both, may require some adjustment of the face amount of the note, up or down, to determine the maker's ultimate liability. Rarely would the ultimate liability greatly exceed the face amount of the note, because ordinarily only the accrual of unpaid interest would serve to increase the amount of the liability.
 {¶ 58} In the case before us, the ultimate liability claimed on the note — $36,533.20 — is substantially less than its face amount of $48,000. I can see Due Process arguments coming into play if the ultimate liability claimed on a cognovit note were substantially greater than its face amount, but that doesn't apply to this case, in my view. The maker of this cognovit note could readily have foreseen that a judgment might be taken by virtue of the warrant to confess, in an amount less than the face amount, and the relaxation of the usual strict application of Civ. R. 60(B)(5) to permit relief from a cognovit judgment where the movant establishes a meritorious defense in a timely application offers protection for the maker from a miscarriage of justice.
(Hon. Frederick N. Young sitting by assignment of the Chief Justice of the Supreme Court of Ohio).